**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4842**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY ABEL WALKER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:19-cr-00125-NCT-1)

Submitted:  June 16, 2020                                    Decided:  June 18, 2020

Before MOTZ and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Anand P. Ramaswamy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Abel Walker pled guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2018), and counterfeiting and forging obligations or securities of the United States, in violation of 18 U.S.C. § 471 (2018). The district court sentenced him to concurrent 33-month terms of imprisonment, the high end of the advisory Sentencing Guidelines range. Walker appealed. Walker's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court imposed a substantively unreasonable sentence by failing to impose a lower term of imprisonment. Walker was advised of his right to file a pro se supplemental brief, but he did not file one. The Government has declined to file a response brief. For the reasons that follow, we affirm.

We review Walker's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first ensure that the court "committed no significant procedural error," such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2018) factors, or inadequately explaining the sentence. *United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted). If we find the sentence procedurally reasonable, we also review its substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 51. We presume that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Walker bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*.

Our review of the record convinces us that Walker's sentence is reasonable. The court properly calculated the applicable advisory Guidelines range, considered the parties' sentencing arguments, and provided a reasoned explanation for the sentence it imposed, grounded in § 3553(a) factors. Walker fails to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Walker, in writing, of the right to petition the Supreme Court of the United States for further review. If Walker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Walker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*